Oldham, J. This was a bill for injunction filed in the Chancery side of the Circuit Court of Crawford county, by William G. Shannon, against Anthony & Brodie, John J. Harvey, and Wm. H. Parker. The bill alleges in substance, that on the 24th day of April, 1841, Anthony & Brodie recovered judgment against Peyton Lewis for $72 70 debt, damages, and costs, before a justice of the peace of Crawford county; that Lewis took a stay upon tire judgment for six months, giving' complainant as security in tlio slay bond; that after the expiration of the stay, the justice issued execution against Lewis and complainant, to satisfy which, complainant designated a large amount of property, upon which the Constable levied. Lewis claimed the benefit of the appraisement act of 1840. The property was appraised at $125, and failing to bring two-thirds of its appraised value, was reserved from sale by the Constable, and rc-dclivcred to Lewis, upon his executing a bond with security for its delivery to the Constable, after the expiration of the stay under the appraisement act,;, that Anthony & Brodie failed to prosecute their lien upon said property, at the expiration of the stay, and still continue to fail. That upon the 5th day of July, 1845, Anthony & Brodie sued out an execution, and placed it in the hands of tire defendant Parker, as Constable, requiring him to execute property to satisfy it, and that Parker had levied upon property of complainant, and offered it for sale for that purpose, when in law and in good conscience he should have proceeded against the defendant,. Harvey, former Constable, or against Lewis and his security in the delivery bond. A transcript of the proceedings before the justice, &c. was exhibited. The bill prayed an injunction, &c. and for general relief. The court granted a temporary injunction against the judgment before the justice and a restraining order. A subpoena was issued against the defendants, and the Sheriff returned a personal service on Harvey and Parker, and a service upon Anthony <fc Brodie, by delivering true copies to Jesse Turner, their attorney. Brodie alone answered the bill, and upon the bill, exhibits, _ and Brodie’s answer, the court rendered a final decree, perpetuating the injunction. From the decree, Anthony & Brodie appealed to this court. The decree is erroneous, and must be reversed for several reasons. 1st. There was no notice actual or constructive to Anthony, no appearance by him, and no decree, pro confcsso, against Parker and Harvey, who were served with notice, but had failed to answer. Before the court could have rendered a final decree in the cause, all the necessary parties should have been before the court, either by service of summons in due form, or by publication, and a decree pro confcsso should have first been (alcen against those who failed to answer. But a decree making an injunction perpetual, was pronounced by the court, in the absence of Anthony, one of the plaintiffs in the judgment enjoined, who had received no notice, either by subpoena, legally served, or by publication of the pendency of the bill against him. 2. The bill prays the court to enjoin the defendants from collecting or recovering from the complainant, selling or disposing of his property for the purpose of satisfying said judgment; but the decree perpetually enjoins tlie collection of the judgment, not only against the complainant, Shannon, but to refrain from all proceedings whatever upon the judgment. 3d. There is no equity in the bill. If the judgment tvas satisfied, or the execution improperly issued against Shannon, he had a right to apply to the justice who issued it, to set it aside, the justice possessing power to set the same aside; or upon motion, properly sustained, he could have had the execution superseded by a court or judge having jurisdiction. In that case his remedy was complete at law, and he had no right to apply to equity for relief. Lansing vs. Eddy, 1 John. Ch. R. 49. We do not, however, pretend to say that the execution improvidenlly issued against the complainant. For these errors, the decree must be reversed, and the cause remanded with directions, that Anthony be considered in court in consequence of having joined in the prosecution of the appeal, and that he have leave to plead, answer., or demur to the bill.